J-S02029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERONE LEGGETT | |
| Appellant | No. 221 EDA 2015 |

Appeal from the Judgment of Sentence October 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011320-2013

BEFORE:  SHOGAN, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY LAZARUS, J.:               **FILED FEBRUARY 03, 2016**

Jerone Leggett appeals from the judgment of sentence imposed in the Court of Common Pleas of Philadelphia County after the court, in a non-jury trial, found him guilty of one count each of possession of firearm prohibited,[1] firearms not to be carried without a license[2] and carrying firearms on the public streets in Philadelphia.[3]  After careful review, we affirm.

The Honorable Daniel J. Anders set forth the facts of this case as follows:

On August 23, 2013, at 6:00 p.m., Police Officer Jeffrey Thompson responded to an anonymous radio call for a report of

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] 18 Pa.C.S.A. § 6101(a)(1).

[3] 18 Pa.C.S.A. § 6108.

a bald, black male with a beard who was wearing a black shirt and camouflage shorts and was in possession of a firearm at Baynton and Walnut Streets. Officer Thompson arrived at that intersection within minutes of the radio call, but did not see anyone. As he traveled one block from that intersection, he observed [Leggett,] who was standing in the middle of the street. Officer Thompson believed [Leggett] matched the flash information because, *inter alia*, he was wearing camouflage shorts. As he got closer to [Leggett], Officer Thompson observed the handle of a black semiautomatic handgun showing from the right pocket of [Leggett's] shorts. Officer Thompson immediately recognized the handle as a handle of a firearm based upon his training and experience with firearms.

Upon seeing the firearm, Officer Thompson ordered [Leggett] to stop. In response, [Leggett] walked around a vehicle. As [Leggett] was walking around the vehicle, Officer Thompson heard the sound of metal or plastic hitting the ground, which was – based upon his prior experience with people who have thrown firearms to the ground – consistent with a firearm hitting the ground. After [Leggett] was secured in the patrol car, Officer Thompson recovered from behind the vehicle a black semiautomatic handgun that was loaded with ten live rounds and two magazines that were each loaded with ten live rounds.

Trial Court Opinion, 4/13/15, at 1-2.

A non-jury trial was held on April 11, 2014, at which time the trial court found Leggett guilty of the above-enumerated offenses. On October 10, 2014, the court sentenced Leggett to concurrent terms of 5 to 10 years' incarceration for possession of a firearm prohibited, 4 to 8 years' incarceration for firearms not to be carried without a license, and 16 to 32 months' incarceration for carrying firearms on the public streets in Philadelphia. Leggett filed a timely notice of appeal to this court on January

7, 2015, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[4] Leggett raises a single issue for our review: Whether the sentencing court erred by imposing a manifestly excessive sentence which overemphasized the protection of the public and did not consider the rehabilitative needs of Leggett, who suffers from Post-Traumatic Stress Disorder ("PTSD"). *See* Brief of Appellant, at 3.

Leggett challenges the discretionary aspects of his sentence. Such a claim does not entitle an appellant to review as a matter of right. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*, quoting *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

---

[4] Leggett failed to file his Rule 1925(b) statement within the time frame specified by the trial court in its Rule 1925(b) order. However, where, as here, the trial court has addressed the issues raised in an untimely Rule 1925(b) statement, we may address the issues on their merits. *Commonwealth v. Veon*, 109 A.3d 754, 762 (Pa. Super. 2015).

Here, Leggett filed a post-sentence motion raising his sentencing claim, followed by a timely notice of appeal to this Court. He has also included in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant Pa.R.A.P. 2119(f). We must now determine whether he has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

In his Rule 2119(f) statement, Leggett claims that his sentence was manifestly excessive and the sentencing court did not assign the appropriate weight to the rehabilitative needs of the defendant, the seriousness of the offense, and the protection of the public. Leggett claims the court did not consider his PTSD and that treatment would have been a more effective way to rehabilitate him and protect the public. This Court has previously found that the failure of a sentencing court to consider the defendant's rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question for our review. *Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013). Accordingly, we will review the substance of Leggett's claim.

We begin by noting:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law,

- 4 -

exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines." ***Id.*** at 768, quoting ***Commonwealth v. Fullin***, 892 A.2d 843, 847-48 (Pa. Super. 2006). Finally, when the sentencing court possesses and considers a presentence report, we presume that the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988).

Here, Leggett claims that he suffers from PTSD as a result of a prior gunshot wound to the head, and has exhibited symptoms of the disorder for an unusually long period of time. He asserts that the trauma he experienced after being shot led directly to the commission of the instant crimes, as "he did not want to be caught by either another assassin or be caught unarmed in his dangerous neighborhood." Brief of Appellant, at 9. Leggett asserts that incarceration will not lessen the trauma he feels and will not serve any rehabilitative purpose. Thus, the court should have sentenced him to treatment, followed by a period of close supervision by the Probation Department. Leggett is entitled to no relief.

We begin by noting that the trial court sentenced Leggett to a standard-range sentence under the sentencing guidelines. In imposing its sentence, the trial court took note of numerous mitigating factors, including Leggett's family and community support, employment history and prior gunshot injury. The court also was informed by a presentence report, as well as a mental health evaluation.

However, the court also noted Leggett's statement to police that "he'd rather be arrested [carrying a gun] than [get] shot again," suggesting that he would reoffend in the future. N.T. Sentencing, 10/10/14, at 29. The court further noted that Leggett had been under juvenile supervision, "which was ultimately unsuccessful given the fact that he was convicted of other offenses," *id.*, that the instant offense was Leggett's third for unlawful possession of a firearm, and that this offense occurred while Leggett was under probationary supervision for a firearms violation. Finally, the court noted that, when Leggett was arrested for the instant offense, he not only possessed a firearm loaded with ten rounds of ammunition, but also carried two additional ammunition clips that were fully loaded with an additional ten rounds each.

In sum, prior to imposing sentence, the court considered the protection of the public, the nature and gravity of the offense as it relates to the impact on the community, and Leggett's rehabilitative needs, as well as the arguments of counsel, the statement Leggett made to the court at sentencing and Leggett's demeanor before the sentencing court. ***See id.*** at

- 6 -

29-30; Trial Court Opinion, 4/13/15, at 5-6. In light of Leggett's extensive juvenile history, his adult record of multiple firearms offenses and his repeated failure to take advantage of past opportunities for rehabilitation, we can discern no abuse of discretion on the part of the trial court in imposing an aggregate sentence of 5 to 10 years' incarceration for the instant convictions.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2016