J. S31036/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRANDON MARCUS WISE, | : | No. 1735 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, May 18, 2016,
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos. CP-02-CR-0000434-2016,
CP-02-CR-0011027-2015, CP-02-CR-0014410-2015,
CP-02-CR-0014411-2015, CP-02-CR-0015213-2015

BEFORE:  PANELLA, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 14, 2017**

Brandon Marcus Wise appeals the judgment of sentence in which the trial court sentenced him to serve an aggregate sentence of 63 to 174 months' imprisonment followed by six years' probation for using an access device to obtain or attempt to obtain property or services, receiving stolen property, and fleeing or attempting to elude officers.[1]  After careful review, we affirm.

Appellant's convictions stem from five separate incidents.  The charges arose from appellant taking credit and/or debit cards from parked cars and

---

[1] 18 Pa.C.S.A. §§ 4106(a)(1), 3925(a), and 3733(a), respectively.

using the cards to make purchases as well as one time where he led the City of Pittsburgh police on a high-speed automobile chase. The parties agree that the underlying facts related to appellant's convictions are not germane to his appeal.

On February 25, 2016, appellant entered an open plea and pled guilty to Counts 1-7 and 13-17 at CC20150011027 in return for the Commonwealth dropping Counts 8-12. The trial court deferred sentencing until after the completion of a pre-sentence investigation report ("PSI").

On May 16, 2016, appellant along with his attorney appeared before the trial court and pled guilty pursuant to a plea agreement to several counts in the four remaining cases. The trial court accepted the guilty pleas and proceeded to impose the sentences set forth above.

On June 1, 2016, appellant filed a post-sentence motion, asserted the sentence imposed was excessive, and asked the trial court to reconsider it. By order dated October 13, 2016, the trial court denied the motion.

Appellant raises the following issue for this court's review:

> Was the sentence imposed manifestly excessive, unreasonable, and an abuse of discretion where the court imposed an aggregate sentence of total confinement of 63 to 174 months without giving due consideration to [appellant's] need to seek medical treatment for his mental illness, his acceptance of responsibility, and the fact that his crimes were acts fueled by his drug addiction?

Appellant's brief at 5 (capitalization omitted). Appellant challenges the discretionary aspects of his sentence.

[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial

> question that the sentence appealed
> from is not appropriate under the
> Sentencing Code, 42 Pa.C.S.A.
> § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging the discretionary aspects of his sentence. First, appellant timely filed his notice of appeal pursuant to Pa.R.A.P. 902 and 903. Second, appellant raised the issue that the trial court imposed a sentence that was excessive in his post-sentence motion which essentially is the issue before this court.

Third, appellant included a Rule 2119(f) statement in his brief in which he avers that the trial court abused its discretion when it imposed an unreasonable sentence that did not give due consideration to appellant's need to seek medical treatment for his mental illness and drug addiction, his acceptance of responsibility for his actions, and that with the appropriate level of treatment, he could fulfill his potential and have a productive life. Appellant also avers that the trial court did not set forth sufficient reasons to justify its sentence and to explain why the sentences were consecutive.

This court must next determine whether appellant raised a substantial question for this court's review. We determine whether an appellant raises a substantial question on a case-by-case basis. ***Commonwealth v. Swope***, 123 A.3d 333 (Pa.Super. 2015). "A substantial question exists only when an appellant advances a colorable argument that the sentencing judge's actions

were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* at 338 (citation omitted).

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Id.* at 340 (citation omitted).

Appellant argues that the appeal presents a substantial question for essentially two reasons. First, he argues that the sentence was excessive because the trial court failed to consider his rehabilitative needs. Second, he argues that the sentence was excessive due to the consecutive nature of the sentences. This court has held that a challenge to the imposition of consecutive sentences as unduly excessive, together with a claim that the trial court failed to consider a defendant's rehabilitative needs when fashioning its sentence presents a substantial question. *Commonwealth v. Bonner*, 135 A.3d 592 (Pa.Super. 2016). As appellant has presented a substantial question, we will address this claim on the merits.

With respect to the trial court's alleged failure to consider the rehabilitative needs of appellant such as his alleged mental illness and drug addiction, the trial court stated at sentencing that "it appears to me that you

do great in confinement, but you do horrible [sic] when you are free."
(Notes of testimony, 5/18/16 at 16.)  The trial court further explained, "You
can ask for a pass for yourself, and I'm not sure I would give it to you, but I
have to be concerned about all these other people as well.  When you are
given your freedom[,] you raise havoc.  Would you want you as your next
door neighbor?"  (**Id.** at 19.)  In its opinion, the trial court reiterated that
appellant was a substantial risk to the public and that appellant did not
present credible evidence of mental health issues sufficient to justify a lesser
sentence.  (Trial court opinion, 1/19/17 at 6-7.)

Furthermore, the trial court considered the PSI.  "Where a [PSI]
exist[s], we [] presume that the [trial court] was aware of relevant
information regarding the defendant's character and weighed those
considerations along with mitigating factors.  A [PSI] constitutes the record
and speaks for itself."  **Commonwealth v. Antidormi**, 84 A.3d 736, 761
(Pa.Super. 2014), **appeal denied**, 95 A.3d 275 (Pa. 2014).  Further, as the
bulk of the sentences were in the mitigated range, appellant did not suffer
prejudice from the imposition of the sentences.

Appellant also challenges the aggregate sentence as clearly
unreasonable, at least in part, because the trial court imposed consecutive
rather than concurrent sentences.

Section 9721 of the Sentencing Code ("Code"), 42 Pa.C.S.A. § 9721,
permits the sentencing court to use its discretion to impose a sentence

consecutively or concurrently to other sentences that the sentencing court is imposing. "In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." ***Commonwealth v. Perry***, 883 A.2d 599, 603 (Pa.Super. 2005).

Here, the trial court imposed consecutive either standard or mitigated range sentences for many of the charges for which appellant pled guilty. Additionally, the trial court imposed no further penalty for some of the charges for which appellant pled guilty. The trial court explained that it imposed the sentences because there were five different informations filed against appellant for serious theft-related charges. Appellant engaged in the criminal behavior to get money to support his drug use. As some of the sentences were in the mitigated range, it is difficult to see how the sentences could be considered excessive even when applied consecutively. As this court has held, a defendant is not entitled to a "volume discount" for multiple crimes by having all sentences run concurrently. ***Commonwealth v. Swope***, 123 A.3d 333, 341 (Pa.Super. 2015).

The trial court carefully considered the relevant factors set forth in Section 9721(b) of the Code, 42 Pa.C.S.A. § 9721(b), when it sentenced appellant including his rehabilitative needs, the need to protect the public, the gravity of the offenses, and the impact on the victims. The trial court

explained in detail the reasons for its decision.  The trial court did not abuse

its discretion when it imposed consecutive sentences for appellant's crimes.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/14/2017