J-S46013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID BRYAN LAROS | : | |
| | : | |
| Appellant | : | No. 702 EDA 2018 |

Appeal from the Judgment of Sentence January 16, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002414-2017

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 14, 2018**

David Bryan Laros appeals from the judgment of sentence of six to twelve years incarceration imposed following his guilty plea to one count of statutory sexual assault. He challenges the discretionary aspects of his sentence. We affirm.

Appellant was married to the biological mother of J.R., who was fifteen years old when the charges were filed. J.R's mother contacted police on May 3, 2017, after seeing text messages between J.R. and Appellant which indicated a sexual relationship. J.R. was interviewed by a specialist, and she revealed that she and J.R. had vaginal and oral sex starting when she was fourteen years old. J.R. stated that the most recent activity had occurred in April. Appellant was thirty-seven years old at the time of his arrest, and had been J.R.'s stepfather since she was four. He was charged with several crimes, and pursuant to a plea agreement, he pled guilty to one count of

statutory sexual assault, graded as a felony of the first degree. In exchange, the remaining charges were withdrawn. There was no agreement as to sentence.

At sentencing, the Commonwealth presented letters written by J.R. and her biological parents. Appellant stated that he made bad decisions but did so "because I cared for her." N.T. Sentencing, 1/16/18, at 6. The prosecutor asked, "[Appellant], just going from what you said in the PSI, do you still maintain that she was the one who pursued you?" *Id*. Appellant replied, "To an extent, yeah." *Id*. He estimated that he and J.R. had sex at least fifty-two times. The following exchange occurred:

> THE COURT: All throughout her school day when she should have been being a kid, you are sending her sexual texts. Right?
>
> [APPELLANT]: It happened, I'm sure.
>
> THE COURT: Yeah. That's what it said in the PSI. Well, part of the reason why sentencing hearings are so important is because I try to assess whether someone has gotten it and clearly you do not. You actually believe that somehow this child was your lover.
>
> [APPELLANT]: I didn't say my actions weren't regrettable, because they were.
>
> THE COURT: No. But you said, when I asked you why you had sex with a child, you said "because you cared about her." That's—
>
> [APPELLANT]: I'm not going to lie. I did, yes. Maybe that was a mistake.
>
> THE COURT: No. You're missing the boat. Children can't consent. They're children.

*Id*. at 8.

The court heard argument, with the Commonwealth submitting that aggravating circumstances were present. The trial court imposed a sentence of six to twelve years incarceration, which exceeded the guidelines. The court stated its reasons for the departure as follows:

> THE COURT: . . . The defendant was in a position of trust as the victim's stepfather for approximately ten years of her life. This was a repeated course of conduct where the defendant acknowledges a sexual relationship with a child of approximately one year duration. The victim was particularly vulnerable and the defendant was aware of it. Any lesser sentence would depreciate the seriousness of this crime. And you are a danger to this community.

*Id*. at 13.

Appellant filed a post-sentence motion for reconsideration, arguing that the sentence was "double the aggravated sentencing guideline range [and] is patently unreasonable." Additionally, Appellant stated that the court failed to consider the following mitigating factors: lack of a prior criminal record, history of employment, and prompt acceptance of criminal responsibility. Motion for Reconsideration, 1/28/16, at 2.

On January 31, 2018, the trial court issued a joint order/opinion denying the motion. Appellant timely appealed, and complied with the order to file a Pa.R.A.P. 1925(b) statement. He raises the following claim for our review:

> Whether the Lower Court abused its discretion in imposing a manifestly excessive and unreasonable sentence which has a minimum sentence that is three times higher than the Sentencing Guideline Range as applied to [Appellant] when the Court failed to consider any significant mitigating factors, failed to apply and review all the necessary factors as set forth in 42 PA. C. S. A.

§ 9721 (b) and 42 PA. C. S. A. § 9781 (c) and (d) or otherwise failed to set forth appropriate reasons for its radical deviation from the standard sentencing ranges?

Appellant's brief at 8.

This issue concerns the discretionary aspects of his sentence. We apply the following standard of review.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014)

Additionally, the right to appeal this question is not absolute. We determine whether Appellant has invoked our jurisdiction by examining the following four criteria:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief [complies with] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa.Super. 2016) (citing

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006–07 (Pa.Super. 2014)).

Appellant filed a timely notice of appeal, filed a post-sentence motion to reconsider,[1] and included a Pa.R.A.P. 2119(f) statement immediately preceding argument as required. Finally, we find that Appellant has presented a substantial question, as he argues that the instant sentence was excessive in that it exceeds the aggravated range of the guidelines and that the court failed to consider mitigating factors. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. 2015) (holding claim of excessiveness coupled with claim trial court failed to consider rehabilitative needs and mitigating factors presents a substantial question). We therefore examine the merits of his claim.

The parties agree that Appellant had a prior record score of zero, and that the standard range of the guidelines called for a minimum sentence between twelve and twenty-four months of incarceration. The aggravated range called for a minimum of thirty-six months incarceration. Thus, the instant minimum sentence of six years is double the aggravated range. Appellant argues that the deviation was "neither justified nor reasonable based upon the facts in this case and was otherwise without factual or legal support." Appellant's brief at 17. Furthermore, "He believes that the Court gave only lip service to any review or consideration of mitigating factors and

---

[1] We note, however, that Appellant complains that the trial court failed to place sufficient reasons on the record for that departure. He did not make that claim in his post-sentence motion, and therefore any error in that regard is waived.

abandoned any mitigation when it imposed the sentence." *Id*. at 16. We find no abuse of discretion.

As our Supreme Court set forth in *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007), our examination of a sentence is quite deferential, as the "sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Id*. at 961 (citation and quotation marks omitted). "Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review." *Id*.

Pursuant to 42 Pa.C.S. § 9781(c) we can vacate and remand only if we find 1) that the court intended to sentence within the guidelines but "applied the guidelines erroneously;" 2) a sentence was imposed within the guidelines "but the case involves circumstances where the application of the guidelines would be clearly unreasonable;" or 3) "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c). "In all other cases the appellate court shall affirm the sentence imposed by the sentencing court." *Id***.** The instant sentence is outside the guidelines and therefore must be affirmed unless it is unreasonable. *Walls* noted that reasonableness is not defined in the statute and "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" *Id*. at 963.

In **Commonwealth v. Bullock**, 170 A.3d 1109 (Pa.Super. 2017), the

trial court imposed a sentence of ten to twenty years for aggravated assault,

which was the statutory maximum and exceeded the aggravated range.

Addressing the claim that the sentence was unreasonable, we stated:

> [I]n imposing sentence, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). When imposing a sentence, the sentencing court must consider the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing and "shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." **Id.**
>
> The court "is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b)[,] [h]owever, the record as a whole must reflect due consideration by the court of the statutory considerations" at the time of sentencing. **Commonwealth v. Coulverson**, 34 A.3d 135, 145 (Pa. Super. 2011) (citations omitted).

**Id**. at 1126.

The **Bullock** Court found that the sentence was not unreasonable

because a review of the opinion and sentencing transcript demonstrated that

the court

> relied on several persuasive factors when deciding to deviate from even the aggravated sentencing recommendation, including: (1) its determination that [a]ppellant was a danger to society; (2) [a]ppellant's lack of remorse, including during his allocution, which the trial court concluded "can indicate lack of social conscience and scant likelihood of rehabilitation [;]" (3) the egregious and heinous nature of [a]ppellant's conduct, *i.e.*, the gravity of the offense; (4) the victim's age and vulnerability; (5) the victim's quality of life before and after [a]ppellant's crimes;

(6) [a]ppellant's explicit instructions to his children not to help the victim; (7) the need to protect the public; and (8) [a]ppellant's "long-running pattern of mistreatment toward the victim culminating in the power shutoff" and his terrorizing the victim.

*Id*. at 1127.

Applying these principles, we do not find that the instant sentence was unreasonable. As in ***Bullock***, we are satisfied that the court validly relied on several factors in electing to impose a sentence above the aggravated range, all of which demonstrated that the court followed the general principles that the sentence be consistent with the protection of the public, gravity of the offense as it relates to the victim and community, and the rehabilitative needs of the offender.

Specifically, the trial court deemed it highly persuasive that Appellant's criminal conduct involved his stepdaughter of ten years, which placed him in a position of power and trust. Appellant's illicit relationship continued for over one year, and the trial court stated at sentencing that the victim was particularly vulnerable. Its opinion elaborates on that point, and notes that that the PSI contained information that "[J.R.] had been a prior victim of abuse (of which [Appellant] was aware)." Trial Court Opinion, 2/2/18, at 3. This demonstrates that the court considered the seriousness of the offense and its impact on the victim and community.

Additionally, Appellant indicated a lack of remorse or recognition of wrongdoing by asserting that a fourteen-year-old girl "pursued him" in starting the sexual relationship. That is a relevant factor, as the court is

required to fashion a sentence that does not depreciate the seriousness of the offense.

Finally, the trial court had a pre-sentence investigation and was presumptively aware of all information therein, including the relevant mitigating circumstances. **Bullock**, **supra** at 1126. We have no license to reweigh those mitigating circumstances against the aforementioned factors. Accordingly, we find no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/18