J-S44007-15

2015 PA Super 196

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PETER MICHAEL SWOPE | |
| Appellant | No. 1115 WDA 2014 |

Appeal from the Judgment of Sentence June 11, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0011431-2006
CP-02-CR-0014506-2006

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

OPINION BY JENKINS, J.:                    **FILED SEPTEMBER 16, 2015**

Appellant Peter Michael Swope appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following the revocation of his probation.  Upon review, we affirm.

The relevant facts and procedural history of this appeal are as follows. On July 22, 2006, Appellant entered the home of Missy Hodgson while she was not present.  After Miss Hodgson returned home and fell asleep in her bed, Appellant awakened her by touching her buttocks.  Miss Hodgson screamed and woke her police officer boyfriend, David Pisani.  Appellant ran out of the home, and Mr. Pisani called the police and noticed that his wallet and police badge were missing.

The next day, Appellant entered a room of the Hilton Hotel in Pittsburgh and hid in the armoire until three people returned to their room. Upon discovering him and noting that he was visibly intoxicated, the hotel room occupants alerted security guards, who detained Appellant until police arrived. While he was being detained, Appellant threatened and fought with the security guards. Police arrested and searched Appellant, revealing Mr. Pisani's police badge and other items, including credit cards from other victims.

On June 5, 2007, Appellant entered a plea of nolo contendere to burglary[1] and indecent assault without consent of other[2] relating to his July 22, 2006 offense ("home offense").[3] He also pled nolo contendere to burglary, terroristic threats with intention to terrorize another,[4] simple assault,[5] three counts of receiving stolen property,[6] public drunkenness,[7]

_____

[1] 18 Pa.C.S. § 3502(a).

[2] 18 Pa.C.S. § 3126(a)(1).

[3] This was docketed at CP-02-CR-0014506-2006.

[4] 18 Pa.C.S. § 2706(a)(1).

[5] 18 Pa.C.S. § 2701(a)(1).

[6] 18 Pa.C.S. § 3925(a).

[7] 18 Pa.C.S. § 5505.

and disorderly conduct,[8] relating to the hotel room offense ("first hotel room offense").[9]  For the home offense, the court sentenced Appellant to 18-36 months' incarceration, followed by 10 years' probation for the burglary conviction and 12-24 months' incarceration, concurrent, for the indecent assault conviction.  For the first hotel offense, the court sentenced Appellant to 18-36 months' incarceration, followed by 10 years' probation for the burglary conviction, and concurrent two-year periods of probation for each of the terroristic threats with intent to terrorize another and simple assault convictions.[10]  The court imposed the first hotel offense sentence concurrently with the home offense sentence.

While he was on probation, Appellant was convicted of burglary, simple assault, theft by unlawful taking,[11] and access device fraud[12] for an incident in which he snuck into a Hilton hotel room, tried to get into bed with a female victim, and stole and used the victim's credit card.  He was also convicted of corruption of minors[13] for having indecent contact with his

---

[8] 18 Pa.C.S. § 5503(a).

[9] This was docketed at CP-02-CR-0011431-2006.

[10] The trial court imposed no additional sentence for Appellant's other convictions.

[11] 18 Pa.C.S. § 3921(a).

[12] 18 Pa.C.S. § 4106.

[13] 18 Pa.C.S. § 6301.

seventeen-year-old daughter while she was unconscious. Appellant was sentenced to an aggregate of 7-15 years' incarceration for these crimes.[14]

In light of these other convictions, the trial court revoked Appellant's probation for the home offense and the first hotel room offense. On June 11, 2014, the court sentenced Appellant to consecutive sentences of 5-10 years' incarceration for the home offense burglary and 1-10 years' incarceration for the first hotel room offense burglary.[15] This aggregate sentence of 6-20 years' incarceration was to be served consecutively to the 7-15 year sentence for the crimes committed while on probation.

On June 16, 2014, Appellant filed a timely motion for reconsideration of sentence. On July 11, 2014, Appellant filed a timely notice of appeal.[16]

_____

[14] The court sentenced Appellant on CP-25-CR-0001763-2013 to 60-120 months' incarceration for the burglary conviction, 12-24 months' incarceration for the simple assault conviction, and 12-24 months' incarceration for the access device fraud conviction. The court sentenced Appellant on CP-25-CR-0002649-2013 to 12-36 months' incarceration for the corruption of minors conviction. The sentences were imposed consecutively, except for the access device fraud conviction, which was imposed concurrently with the simple assault conviction.

[15] The court imposed no additional sentences on Appellant's other convictions. The court gave Appellant credit for time served.

[16] Although the court did not rule on Appellant's motion to reconsider sentence, this appeal is properly before this Court. "The filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E). "Any appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentence." Pa.R.Crim.P. 708(E), *Comment.* After the 30 days have passed, the trial court is divested of jurisdiction to rule on the motion to reconsider sentence. ***See***
*(Footnote Continued Next Page)*

On August 19, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on September 9, 2014.

Appellant raises the following issue for our review:

> WAS THE SENTENCE OF SIX TO TWENTY YEARS OF INCARCERATION MANIFESTLY EXCESSIVE, WHERE THE COURT DID NOT CONSIDER [APPELLANT'S] SERIOUS REHABILITATIVE NEEDS?

Appellant's Brief at 6.

Appellant challenges the discretionary aspects of his sentence following the revocation of his probation. Specifically, Appellant argues his sentence of 6-20 years was manifestly excessive, especially because it was imposed consecutively to his other sentence, resulting in what could be a life sentence for Appellant. He further avers the trial court failed to consider Appellant's rehabilitative needs or mitigating factors and concludes the court abused its discretion upon fashioning his sentence. We disagree.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

*(Footnote Continued)* ─────────────

*Commonwealth v. Coleman*, 721 A.2d 798, 799 (Pa.Super.1998). Because Appellant filed a notice of appeal within 30 days of his judgment of sentence, the appeal is timely, and the trial court lacks jurisdiction to rule on his motion for reconsideration.

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Presently, Appellant filed a timely notice of appeal and preserved his issues in a post-sentence motion. Further, Appellant's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 10-12. We now must determine whether Appellant presents a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super.2011). Further:

A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (internal citations omitted).

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing,

including incarceration. 42 Pa.C.S. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned, or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c).[17]

"An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super.2014), *appeal denied,* 105 A.3d 736 (Pa.2014) (internal citations omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and

---

[17] We note that an appellant presents a substantial question "when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super.2000). Here, the court imposed a sentence of total confinement in excess of his original sentence based on two crimes Appellant committed while on probation. Thus, the imposition of total confinement after the revocation of Appellant's probation alone does not raise a substantial question.

rehabilitative needs of the defendant." ***Commonwealth v. Fullin***, 892 A.2d 843, 847-48 (Pa.Super.2006) (internal citations omitted).

A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 587 (Pa.Super.2010), *appeal denied*, 14 A.3d 825 (Pa.2011). Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa.Super.2012), *appeal denied,* 75 A.3d 1281 (Pa.2013).

> To make it clear, a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa.Super.2013), *reargument denied* (Nov. 21, 2013), *appeal denied*, 91 A.3d 161 (Pa.2014) (emphasis in original).

Further, "ordinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a substantial question." ***Commonwealth v. Berry***, 785 A.2d 994, 996-97

(Pa.Super.2001) (internal citation omitted) (emphasis in original).

Specifically,

> [t]here is ample precedent to support a determination that [a claim that the trial court failed to consider an appellant's rehabilitative needs] fails to raise a substantial question…. *See Commonwealth v. Cannon*, 954 A.2d 1222, 1228–29 (Pa.Super.2008), *appeal denied*, 964 A.2d 893 ([Pa.]2009) (claim that the trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question); *Commonwealth v. Coolbaugh*, 770 A.2d 788, 793 (Pa.Super.2001) (*citing Commonwealth v. Mobley*, 581 A.2d 949, 952 ([Pa.Super.]1990)) (claim that sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive did not raise a substantial question where sentence was within statutory guidelines and within sentencing guidelines); *Commonwealth v. Coss*, 695 A.2d 831, 833 (Pa.Super.1997) (when the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question); *Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa.Super.1997) (a claim that a trial court failed to appropriately consider an appellant's rehabilitative needs does not present a substantial question); *Commonwealth v. Lawson*, 650 A.2d 876, 881 ([Pa.Super.]1994) (claim of error for failing to consider rehabilitative needs does not present substantial question).

*Commonwealth v. Griffin*, 65 A.3d 932, 936-37 (Pa.Super.2013), *appeal denied*, 76 A.3d 538 (Pa.2013). Similarly, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super.2013) (internal citation omitted).

However, "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court

'failed to consider' or 'failed to adequately consider' sentencing factors has been less than a model of clarity and consistency." ***Commonwealth v. Seagraves***, 103 A.3d 839, 842 (Pa.Super.2014) (citing ***Dodge, supra***). In ***Commonwealth v. Dodge***, this Court determined an appellant's claim that the sentencing court "disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence" presented a substantial question. ***Dodge,*** 77 A.3d at 1273.

This Court has also held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa.Super.2014), *appeal denied,* 105 A.3d 736 (Pa.2014) (quoting ***Commonwealth v. Perry****,* 883 A.2d 599, 602 (Pa.Super.2005)). Additionally:

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

***Dodge, supra*** at 1270 (internal citations omitted).

Based on our review of the foregoing precedents, we conclude that Appellant's challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence,

presents a substantial question. Thus, we grant his petition for allowance of appeal and address the merits of his claim.

Our standard of review is well-settled:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Colon***, 102 A.3d 1033, 1043 (Pa.Super.2014) *appeal denied,* 109 A.3d 678 (Pa.2015).

Here, Appellant waived his right to have a pre-sentence report. **See** N.T., 6/11/2014, at 8. Appellant's counsel asked the court to consider Appellant's age, his admission of responsibility for his crimes as well as the sentence that was already in place. N.T., at 15. In fashioning his sentence, the court reasoned:

> So while on probation for, among other things, burglarizing the Hilton Hotel here in Pittsburgh, you went and burglarized a hotel in Erie and you tried to have sex with a woman while she was asleep. Don't you think she has the right to come in here and say Judge, how many chances are you going to give this guy?
>
> *       *
>
> This is [Appellant's] MO. This is what he does. It has nothing to do with his mother dying. Nobody's happy to hear that. This is what he does. He represents a very serious threat to the safety of any community which he is released into after custody.

\* \* \*

> We want to parole people…. We don't want to keep them in jail, we want to facilitate their getting out of jail…. But you're dangerous when you're paroled. You're dangerous when you're given freedom. You do the same thing over and over, and you go after females. This can't happen… Here's what I'm going to do. I'm going to give the Pennsylvania Board of Parole control of you for a long time. I'm going to give the department of corrections control of you for some time, too.

N.T., 6/11/14 at 10-19.

The court explained its decision for imposing Appellant's consecutive sentences. After considering mitigating factors and Appellant' rehabilitative needs, it found Appellant was dangerous when paroled and needed to spend a significant amount of time incarcerated. Thus, his claim that the court failed to consider his rehabilitative needs or mitigating factors is meritless. Further, Appellant's aggregate sentence of 6-20 years' incarceration is not manifestly excessive for his two burglary offenses, and the court was free to impose the sentence consecutively to his other sentences for the crimes he committed while on probation. Appellant is not entitled to a volume discount for his crimes. **See Commonwealth v. Gonzalez-Dejusus**, 994 A.2d 595, 598 (Pa.Super.2010). We see no abuse of discretion in the trial court's sentence.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2015