J. S58002/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                              :         PENNSYLVANIA
                    v.                :
                                              :
LOIS WILSON,                    :         No. 515 MDA 2017
                                            :
              Appellant      :

Appeal from the Judgment of Sentence, February 9, 2017,
in the Court of Common Pleas of Lancaster County
Criminal Division at Nos. CP-36-CR-0002883-2016,
CP-36-CR-0002884-2016, CP-36-CR-0002885-2016,
CP-36-CR-0002886-2016, CP-36-CR-0002887-2016,
CP-36-CR-0005284-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED SEPTEMBER 21, 2017**

Lois Wilson appeals the February 9, 2017 judgment of sentence in which the trial court sentenced her to serve an aggregate sentence of 6½ to 18 years. After careful review, we affirm.

The facts and procedural history, as recounted by the trial court, are as follows:

> On December 11, 2014, [appellant] was charged on information No. 5284-2014 with one count of delivery of a controlled substance,[Footnote 1] heroin, and one count of criminal conspiracy.[Footnote 2] She pled guilty to these offenses on October 15, 2015, and, on December 29, 2015, was sentenced to five years['] intermediate punishment with the first six months to be served under house arrest with electronic monitoring.

[Footnote 1]: 35 P.S. § 780-113(a)(30).

[Footnote 2]: 18 Pa.C.S.[A.] § 903(a).

On June 22, 2016, [appellant] was charged on information Nos. 2883-2016, 2884-2016, 2885-2016, 2886-2016 and 2887-2016 with five counts of delivery of a controlled substance, heroin, two counts of criminal conspiracy and five counts of criminal use of a communication facility.[Footnote 3] These offenses all took place between November 23, 2015, and December 29, 2015. During this time, [appellant] was free on bail awaiting sentencing on her earlier charges. The charges on information No. 2886-2016 arose from [appellant's] sale of heroin to an undercover officer later on the day on which she was actually sentenced on those earlier charges.

[Footnote 3]: 18 Pa.C.S.[A.] § 7512.

On July 5, 2016, a hearing was held at which the Court found [appellant] to be in violation of the terms of her intermediate punishment sentence. The Court revoked her intermediate punishment sentence and deferred sentencing until disposition of the new charges.

[Appellant] pled guilty to the new charges on December 1, 2016, and, on February 9, 2017, was sentenced for these offenses as well as for the intermediate punishment violation relating to her earlier guilty plea. On each of the 2016 informations, [appellant] was sentenced to a period of incarceration of 1 to 3 years. On the intermediate punishment violation, [appellant] was sentenced to a period of incarceration of 1½ to 3 years. All sentences were to run consecutively for an aggregate sentence of 6½ to 18 years.

On February 21, 2017, [appellant] filed a post[-]sentence motion for reconsideration of sentence which was denied on March 6, 2017.

> [Appellant] filed her notice of appeal on March 10, 2017, and her concise statement of errors complained of on appeal on April 10, 2017.
>
> The only issue raised in [appellant's] concise statement of errors complained of on appeal is that the aggregate sentence imposed is "manifestly excessive under the circumstances and an abuse of the Court's discretion."

Trial court opinion, 5/2/17 at 1-2.

Appellant raises the following issue for this court's review:  "Was the [trial] court's aggregate sentence of not less than six and one-half (6½) nor more than eighteen (18) years of incarceration manifestly excessive under the circumstances and an abuse of the Court's discretion?"  (Appellant's brief at 8.)

Appellant challenges the discretionary aspects of her sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.  In more expansive terms, our Court recently offered:  An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a

> particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010) (citation omitted).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging the discretionary aspects of her sentence. First, appellant timely filed her notice of appeal pursuant to Pa.R.A.P. 903. Second, appellant raised the issue that the trial court imposed a sentence that was excessive and did not take into account her rehabilitative needs in her post-sentence motion which essentially is the issue before this court. Third, appellant included a Rule 2119(f) statement

in her brief in which she avers she raises a substantial question because the trial court did not focus on her rehabilitative needs and, instead, focused on the seriousness of the offenses such that the sentence imposed was not consistent with the protection of the public, the gravity of the offenses, and her rehabilitative needs. Fourth, this court must next determine whether appellant raised a substantial question for this court's review.

We determine whether an appellant raises a substantial question on a case-by-case basis. **Commonwealth v. Swope**, 123 A.3d 333 (Pa.Super. 2015). "A substantial question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** at 338 (citation omitted).

Appellant argues that the appeal presents a substantial question for essentially two reasons. First, she argues that the sentence was excessive because the trial court failed to consider her rehabilitative needs. Second, she argues that the sentence was excessive due to the consecutive nature of the sentences. This court has held that a challenge to the imposition of consecutive sentences as unduly excessive, together with a claim that the trial court failed to consider a defendant's rehabilitative needs when fashioning its sentence, presents a substantial question. **Commonwealth**

***v. Bonner***, 135 A.3d 592 (Pa.Super. 2016). As appellant has presented a substantial question, we will address this claim on the merits.

With respect to the trial court's alleged failure to consider the rehabilitative needs of appellant, such as her drug addiction, history of suffering from abuse, mental health issues, and low IQ, the trial court stated at sentencing:

> I've considered your rehabilitative needs. There is no question that you have mental health problems. There is no question that you have substance abuse problems. I've considered what Mr. Straszynski [(appellant's attorney)] said on your behalf. I've considered the position of the Commonwealth and I have considered what you have told me.
>
> Now, [appellant] --
>
> . . . .
>
> I've been involved in the legal system far too long to take anything personally. I want to assure you of that. The fact that you came in and pled guilty and went right out and committed more of these offenses, it doesn't surprise me, quite honestly, nor does it disappoint me. The fact that you were sentenced and went right out and committed a similar transaction, again, it's not something that is unexpected.
>
> Unfortunately, what this demonstrates to me is that you have virtually no interest in rehabilitation. Absolutely none.

Notes of testimony, 2/9/17 at 15-16.

Furthermore, the trial court considered the Pre-Sentence Investigation Report ("PSI") and referred to it extensively at the sentencing hearing.

"Where a [PSI] exist[s], we [] presume that the [trial court] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating factors. A [PSI] constitutes the record and speaks for itself." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014). This court finds no merit to the charge that the trial court did not consider appellant's rehabilitative needs when it fashioned the sentence.

Appellant also challenges the aggregate sentence as clearly unreasonable, at least in part, because the trial court imposed consecutive rather than concurrent sentences.

Section 9721 of the Sentencing Code ("Code"), 42 Pa.C.S.A. § 9721, permits the sentencing court to use its discretion to impose a sentence consecutively or concurrently to other sentences that the sentencing court is imposing. "In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." *Commonwealth v. Perry*, 883 A.2d 599, 603 (Pa.Super. 2005).

Here, the trial court imposed consecutive standard range sentences for the charges for which appellant pled guilty. The trial court explained that it considered the PSI, the Commonwealth's sentencing memorandum, the intermediate punishment program violation summary submitted by the probation department, and various incident reports submitted by the

- 7 -

Commonwealth. The trial court also considered the Sentencing Code, the sentencing guidelines, the authorized penalties for the offenses, the circumstances of appellant's new offenses, the nature of the first offense, the need to protect the public, and appellant's rehabilitative needs. (Trial court opinion, 5/2/17 at 5.)

The trial court carefully considered the relevant factors set forth in Section 9721(b) of the Code, 42 Pa.C.S.A. § 9721(b), when it sentenced appellant. The trial court explained in detail the reasons for its decision. The trial court did not abuse its discretion when it imposed consecutive sentences for appellant's crimes.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017

- 8 -