J-S64025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSUE GABRIEL VEGA | : | |
| | : | |
| Appellant | : | No. 2587 EDA 2017 |

Appeal from the Judgment of Sentence July 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013160-2014

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                **FILED JANUARY 14, 2019**

Appellant, Josue Gabriel Vega, appeals from the judgment of sentence entered on July 12, 2017, following the revocation of his probation.  Upon review, we affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On January 9, 2015, [Appellant] pled guilty to possession [of a controlled substance] with the intent to deliver ("PWID") and was sentenced to two years of probation.  Following a violation of probation ("VOP") hearing on October 6, 2016, [the trial court] found [Appellant] to be in violation of [his] probation [after he pled guilty to a second PWID conviction.  Accordingly, the trial court] imposed a new period of five years of probation.
>
> On January 28, 2017, while on [] probation, [Appellant] was arrested for arson and related offenses.  On that date, the complainant, who has a son with [Appellant], contacted the police and informed them that [Appellant] had been threatening to kill her and her family after she asked him to leave their home.  She also told police that on January 28, 2017, she was woken by her

aunt, who lives in a neighboring apartment, telling her that smoke was filling the apartment. [Appellant was seen] by the back door, setting a rag on fire and placing it near the door. The police arrived and arrested [Appellant,] who was sitting in a car outside of the building. The [f]ire [m]arshall confirmed that smoke and fire damage to the door and doorframe were a result of arson.

On July 12, 2017, [Appellant] entered into a negotiated guilty plea to arson and simple assault on [another] docket [], and was sentenced to two (2) to four (4) years of confinement, followed by two years of probation. At that time, [the trial court] found [Appellant] to be in violation of its [prior term of] probation [], revoked probation, and imposed a VOP sentence of five to ten years of confinement, to run consecutive to the sentence imposed [for arson.[1]]

\* \* \*

On July 20, 2017, [Appellant] filed a motion for reconsideration of [his] VOP sentence. On August 11, 2017, [Appellant] filed a timely notice of appeal[. Appellant and the trial court timely complied with Pa.R.A.P. 1925. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 11, 2017 and an amended Rule 1925(a) opinion on April 26, 2018.]

Amended Trial Court Opinion, 4/26/2018, at 1-2 (superfluous capitalization and statutory citations omitted).

On appeal, Appellant presents the following issues for our review:

1. Was not the lower court's imposition of a five (5) to ten (10) year sentence of incarceration for a violation of probation an abuse of discretion where the court violated the requirements of 42 Pa.C.S.A. § 9721(b) of the Sentencing Code where the court failed to give individualized consideration to [A]ppellant's

---

[1] Unrelated to this matter, Appellant was also on probation in another case, before the same trial court judge. The trial court found Appellant in violation of his probation in the other matter and sentenced him to eight years of probation to run consecutively to the term of imprisonment for the current violation of probation herein. That matter, however, is not presently before us.

personal history, rehabilitative needs or background, and without explaining how, as a matter of law, this sentence was the least stringent one adequate to protect the community and serve the rehabilitative needs of [A]ppellant?

2. Did not the lower court err and abuse its discretion by sentencing [Appellant] to an excessive period of incarceration?

Appellant's Brief at 4.

Appellant's two issues are inter-related, so we will examine them together. Appellant first claims:

Following a violation of probation hearing[, A]ppellant was sentenced to five to ten years [of] incarceration. Though [A]ppellant had appeared before [the trial court] on three separate negotiated guilty pleas and two violation of probation hearings, pre-sentence and psychiatric reports were never ordered for any of those hearings. Even though [A]ppellant waived a pre-sentence investigation report at the most recent guilty plea/violation hearing, it was still incumbent on the [trial] judge to have some knowledge of [A]ppellant's background before imposing sentence. A new sentencing hearing is required.

*Id.* at 13.

Appellant further maintains that

the [trial] court in the present case seems to exclusively focus on the seriousness of the underlying crimes and violations rather than taking into consideration [A]ppellant's background. While a period of incarceration may or may not be appropriate in this case, it is hard to see how the imposition of a five to ten [year] sentence of incarceration addresses either societal safety concerns or [A]ppellant's rehabilitative needs. The lengthy sentence imposed is contrary to the fundamental norms underlying the sentencing process as required in 42 Pa.C.S.A. § 9721(b). The [trial] court failed to explain as a matter of law the instant sentence was the least stringent one adequate to protect the community and to serve the rehabilitative needs of [] [A]ppellant.

\* \* \*

> This sentence was an abuse of discretion as it was the imposition of a manifestly unreasonable, disproportionate and excessive sentence.

*Id.* at 19-20.

"Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015)(citation omitted). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Here, Appellant filed a timely notice of appeal and preserved his issues in a post-sentence motion. Further, Appellant's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 8–11. We now must determine whether Appellant presents a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

We have previously held:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
>
> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned, or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c).
>
> An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.
>
> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.

*Swope*, 123 A.3d at 338 (internal citations, original brackets, footnotes, and some quotations omitted).

This Court has held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Id.* at 339, *citing* **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014). Moreover, an allegation that the trial court failed to offer specific reasons for a sentence also raises a substantial question. *See Commonwealth v. Dunphy*, 20 A.3d 1215, 1222 (Pa. Super. 2011); *see also* 42 Pa.C.S.A. § 9721(b) ("In every case in which the court imposes

a sentence for a felony or misdemeanor [] the court **shall** make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.") (emphasis added). Thus, we conclude that Appellant has raised a substantial question for our review.

Our Supreme Court has previously determined:

a trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence. The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Moreover, 42 Pa.C.S.A. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *See also* Pa.R.Crim.P. 708 (indicating at the time of sentence following the revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed.").

However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where [] the trial judge had the benefit of a [pre-sentence investigation report] during the initial sentencing proceedings.

*Commonwealth v. Pasture*, 107 A.3d 21, 27–28 (Pa. 2014) (case citations, footnotes, and some quotations omitted).

Here, Appellant concedes that he waived the preparation of a pre-sentence investigation report before proceeding to both his initial sentencing and upon revocation of probation. Thus, it is disingenuous for Appellant to argue now that the trial court did not have all of his background information at its disposal when fashioning a sentence. Appellant should have requested a sentencing continuance for the preparation of a pre-sentence investigation report, but did not. Moreover, we squarely reject Appellant's suggestion that the trial court was required to impose the least stringent sentence under Section 9721(b). *See id.* at 27 (revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.").

Regardless, although the trial court did not engage in lengthy discourse when imposing Appellant's sentence, the trial court stated its reasons on the record. First, the trial court noted that it presided over all of Appellant's criminal matters and recognized that Appellant's pattern of criminal behavior had escalated over the years. The most recent revocation proceeding was not for technical violations of the terms of probation; Appellant committed new crimes while on probation. Moreover, Appellant's other prior convictions

were narcotics related, whereas Appellant most recently committed arson while on probation, "put[ting] people in fear of their lives." N.T., 7/12/2017, at 12. As such, the trial court felt it needed "to protect the public." *Id.* Accordingly, the trial court determined that prior periods of probation were ineffective rehabilitation efforts, arson was a serious and dangerous offense, and the public deserved protection from further crime. The undisputed facts of record make clear that such a determination did not constitute an abuse of discretion. Finally, we note that Appellant has not suggested any mitigating factors that the trial court should have considered. Hence, based upon all of the foregoing, we discern no abuse of discretion in sentencing Appellant following the revocation of his probation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/14/19