J-S68044-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ANTHONY JOHN ALDRICH | : | |
| Appellant | : | No. 1255 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 21, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003789-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ANTHONY JOHN ALDRICH | : | |
| Appellant | : | No. 1256 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 21, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000167-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| ANTHONY JOHN ALDRICH | : | |
| Appellant | : | No. 1257 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 21, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003228-2017

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|

J-S68044-19

                                                :
            v.                                  :
                                                :
                                                :
    ANTHONY J. ALDRICH                          :
                                                :
            Appellant                           :       No. 1258 WDA 2019

Appeal from the Judgment of Sentence Entered May 21, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003230-2017

BEFORE:   GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                   FILED DECEMBER 13, 2019

        Anthony John Aldrich (Aldrich) appeals from the judgments of sentence

imposed by the Court of Common Pleas of Erie County (sentencing court) after

he pled guilty to multiple criminal offenses in the four above-captioned cases.

On appeal, he challenges the discretionary aspects of his sentencing, arguing

that the sentencing court imposed a manifestly excessive aggregate sentence.

We affirm.

        On April 2, 2018, Aldrich entered into a negotiated guilty plea at four

docket numbers and the sentencing court ordered that a pre-sentence

investigation be completed before sentencing. Aldrich returned for sentencing

and presented testimony from his mother and brother supporting his request

for a county imprisonment sentence with work release. After first finding him

in violation of parole on two prior cases, the sentencing court imposed an

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

aggregate sentence of 32 to 81 months' imprisonment followed by nine years' probation comprised as follows:

> Docket Number 3228-2017
>
> Count 1 – Disorderly Conduct (S), 18 Pa.C.S. § 5503(a)(4): 90 days' probation, concurrent to Count 2;
>
> Count 2 – Firearm Not to be Carried Without a License (M1), 18 Pa.C.S. § 6106(a)(2): 15 to 30 months' imprisonment, consecutive to Docket Number 2906-2016;
>
> Count 3 – DUI (2nd Offense) (M1), 75 Pa.C.S. § 3802(d)(2): 3 to 23 months' imprisonment, consecutive to Count 2.
>
> Docket Number 3230-2017
>
> Count 2 – Unsworn Falsification to Authorities (M3), 18 Pa.C.S. § 4904(b): 12 months' probation, consecutive to Count 1 at Docket Number 167-2018.
>
> Docket Number 3789-2017
>
> Count 1 – Simple Possession (M), 35 P.S. § 780-113(a)(16): 24 months' probation,[1] consecutive to Count 2 at Docket Number 3230-2017;
>
> Count 3 – False Identification (M3), 18 Pa.C.S. § 4914(a): 12 months' probation, consecutive to Count 1.
>
> Docket Number 167-2018
>
> Count 1 – Possession with Intent to Deliver (F), 35 P.S. § 780-113(a)(30) (F): 5 years' probation, consecutive to Count 2;

_____

[1] Because Aldrich had prior drug possession convictions, the potential maximum sentence for simple possession increased from one to three years. See Commonwealth v. Pitner, 928 A.2d 1104, 1111 (Pa. Super. 2007) ("[I]f the possession occurs after a prior conviction under the [Controlled Substance, Drug, Device and Cosmetic Act], the maximum term of imprisonment is three years.") (citing 35 P.S. § 780-113(b)).

Count 2 – Prohibited Offensive Weapon, 18 Pa.C.S. § 908(a): 14 to 28 months' imprisonment, consecutive to Count 3 at Docket Number 3228-2017.

On June 6, 2018, Aldrich filed a post-sentence motion for reconsideration of sentence nunc pro tunc which the sentencing court denied the next day.

Aldrich then filed a single notice of appeal listing all four cases that were part of his plea agreement. This Court quashed the appeal because counsel failed to file separate notices of appeal in each case. See Commonwealth v. Aldrich, No. 986 WDA 2018 (Pa. Super. filed March 11, 2019) (unpublished memorandum). Aldrich filed a pro se petition for relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, requesting reinstatement of his direct appeal rights, which, after appointing counsel, the PCRA court granted, noting that Aldrich "does not cite any provision of the Sentencing Code that was violated or how his sentence was contrary to the norms of the sentencing process." Trial Court Opinion p. 3.

Aldrich then filed separate notices of appeal in the four above-captioned cases that he sought to appeal. In his Pa.R.A.P. 1925(b) statement, Aldrich raised a sole issue:

> The trial court's imposition of an aggregate sentence of 32 months to 81 months of imprisonment, followed by 108 months of State Supervised Probation at Dockets 3228 of 2017, 3230 of 2017, 167 of 2018 and 3789 of 2017, was manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code. Appellant argues that the objectives of the Sentencing Code could have been achieved without the imposition of such a lengthy sentence.

- 4 -

Concise Statement of Errors, 9/4/19.

I.

Aldrich's issue implicates the discretionary aspects of sentencing. Such challenges are not subject to review as a matter of right. See Commonwealth v. Spenny, 128 A.3d 234, 241 (Pa. Super. 2015) (citation omitted). Instead, an appellant must satisfy the following:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

Commonwealth v. Tejada, 107 A.3d 788, 797-98 (Pa. Super. 2015) (quotation omitted).

Because he has complied with the first three requirements, we must, therefore, determine whether Aldrich raises a substantial question for our review. Whether a question raised by an appellant is a substantial question meriting our discretionary review "must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Commonwealth v. Manivannan, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation omitted).

In his Rule 2119(f) statement, Aldrich concedes that he was sentenced within the sentencing guidelines but still contends that these cases involve

- 5 -

circumstances where the application of the guidelines was unreasonable. See 42 Pa.C.S. § 9781(c)(2). He argues that the imposition of consecutive sentences was clearly unreasonable because (1) his crimes were "largely driven by addiction" and (2) he is now prevented from being able to go on work release and help support his minor child. Brief for Aldrich, at 28.

With regard to the imposition of consecutive sentences, this Court has stated:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.
>
> [An appellant] may raise a substantial question where [s]he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

Commonwealth v. Swope, 123 A.3d 333, 338-39 (Pa. Super. 2015) (citations and quotations omitted).

This Court has emphasized that "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case."

Commonwealth v. Prisk, 13 A.3d 526, 533 (Pa. Super. 2011) (citation and quotation omitted).

Aldrich's aggregate sentence does not appear on its face to be excessive in light of his multiple crimes. His most serious cases were Docket Numbers 167-2018 and 3228-2017. On Docket Number 167-2018, the police responded to a report of an intoxicated male and, after searching him and his car, found Aldrich in possession of 214 grams of marijuana and brass knuckles. This offense occurred on October 17, 2016. The next month, on November 3, 2016, he was placed on probation on a previously pending case for a firearms offense and simple possession. Then, despite being on probation for just over a month, on December 7, 2016, the police found Aldrich passed out in a car with a firearm. This was Docket Number 3228-2017 in which Aldrich later pled guilty to DUI (2nd Offense-Controlled Substance) and another firearms offense. In March 2017, with his cases still pending, Aldrich was found in violation of his probation and sentenced to 3 to 12 months' imprisonment. Later, after being paroled on his violation sentence, in September 2017, Aldrich was arrested again for simple possession and false identification.

As this Court has often observed, defendants convicted of multiple offenses are not entitled to a "volume discount" on their aggregate sentence. Commonwealth v. Green, 149 A.3d 43, 53 (Pa. Super. 2016). For each offense to which Aldrich pleaded guilty, the court imposed a sentence that was

either within the sentencing guidelines or, in the case of his DUI and PWID convictions, below the guidelines.[2] That the court ran these sentences consecutively rather than concurrently and concluded that state imprisonment was appropriate does not raise a substantial question, especially when Aldrich had been given opportunities on probation and been paroled on county imprisonment and committed new crimes.

II.

Even if Aldrich raises a substantial question in his Rule 2119(f) statement, we would find that his claim is not meritorious.[3] As quoted at length in its Pa.R.A.P. 1925(a) opinion, the sentencing court considered Aldrich's request for county imprisonment but ultimately concluded that based on his history and failure to rehabilitate his conduct, that county imprisonment was not appropriate:

> THE COURT: Well, I've read the revocation summary, I read the presence report in its entirety, I've listened to the evidence

_____

[2] Because his DUI conviction at Docket Number 3228-2017 was a second-time offense, Aldrich's guidelines would have been 12 to 18 months based on an offense gravity of five and him having a prior record score of five. Despite this being the case, the sentencing court sentenced Aldrich to 3 to 23 months' imprisonment. For his PWID conviction at Docket Number, Aldrich's guidelines were 3 to 14 months based on an offenses gravity score of three and a prior record score of four. Rather than impose imprisonment, the court sentenced him in the mitigated range and gave him five years' probation.

[3] "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." Commonwealth v. Edwards, 194 A.3d 625, 637 (Pa. Super. 2018).

presented here today and I certainly appreciate what your mother and your brother are saying.

But then I have to balance that with just your horrendous -- you know, you had been revoked on March 7th of 2017 at the two docket numbers, 2906 and 143, and you never showed up. You get revoked and five days later you're released with an opportunity to get treatment and you just completely abscond.

I mean that paints a picture for me of someone who really -- I understand you use drugs. All right? I understand there may be some mental health issues. But that doesn't justify you just absconded. You know what I mean? You could have picked up the phone and called your probation officer, "Hey, I need drug help, I need mental health help." But you did none of that.

You have lied to him and told him you're living with your grandfather, you weren't living there. The numbers you gave him weren't in order and/or disconnected. And but for the fact you got arrested in September, you'd probably still be out there or in the county morgue. You know what I mean?

THE DEFENDANT: I certainly do, Your Honor.

THE COURT: And I think the Commonwealth makes a very fair point here. You have a variety of crimes. I mean you're on supervision for a firearms violation, and then you commit another one. You know what I mean?

THE DEFENDANT: Yes sir.

THE COURT: That's not good. There's possession with intent to deliver. There's driving under the influence. There's unsworn falsification to authorities. There's false I.D. I mean there's just a whole variety of things that you have done and just simply wink at it and say, "Okay, well, we'll send you to in-patient, then you can go home," it's really to minimize the scope of what you have done.

THE DEFENDANT: Right.

THE COURT: You know what I mean? I don't question the fact that you need help, but I do question your willingness to engage in it as manifested by your conduct when you're out there. And I

have to balance that with the need to protect the community from your continued criminal behavior.

N.T., 5/21/18, at 17-19.

Based on this discussion, it is clear that the sentencing court considered the relevant criteria for confinement being consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The sentencing court acknowledged Aldrich's addiction struggles and need for rehabilitation, but balanced those needs against his exhibited failure to conform to country supervision. As a result, even if Aldrich had raised a substantial question, we would not disturb his sentences.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2019