J-A04029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRELL ARTIS | : | |
| | : | |
| Appellant | : | No. 563 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 22, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005218-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRELL ARTIS | : | |
| | : | |
| Appellant | : | No. 564 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 22, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011178-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRELL ARTIS | : | |
| | : | |
| Appellant | : | No. 565 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 22, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006575-2013

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED MAY 20, 2024**

Tyrell Artis appeals from the judgment of sentence entered following resentencing. Artis challenges the discretionary aspects of his sentence. We affirm.

In April 2015, Artis pleaded guilty to numerous crimes at three dockets. In all, he pleaded guilty to one count each of conspiracy (to commit robbery), possessing an instrument of crime ("PIC"), aggravated assault, and robbery, and two counts each of persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia.[1] Artis's crimes stem from a robbery of a home, resulting in one of the residents being shot in the foot by Artis's codefendant. The court sentenced him to an aggregate term of 39½ to 79 years' incarceration. Artis filed a motion for reconsideration, which the court denied. **See** Order Denying Motion for Reconsideration of Sentence, filed 4/20/17. We affirmed the judgment of sentence. **Commonwealth v. Artis**, No. 1896 EDA 2017, 2019 WL 2304042, at *1 (Pa.Super. filed May 30, 2019).

Artis filed a timely PCRA petition on April 28, 2020. The court appointed counsel who filed an amended PCRA petition. **See** Amended Post Conviction Relief Act Petition, filed 5/8/21. Relevant to this appeal, Artis claimed that trial counsel was ineffective for failing to argue that his Presentence Investigation

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 903, 907, 2702, 3701, 6105, 6106, and 6108, respectively.

report ("PSI") listed an incorrect prior record score ("PRS") of five rather than four. *See id.* at 14. He also claimed that appellate counsel was ineffective for failing to raise the issue of his PRS miscalculation on direct appeal. *See id.* The PCRA court granted the petition in part regarding these claims and vacated Artis's sentence.[2]

The court held a resentencing hearing where Artis's counsel presented Artis's mitigating factors. Counsel argued that "[a]ll of his prior criminal history is as a juvenile" and that Artis had accepted responsibility for the subject crimes. N.T., Sentencing Volume 1 ("Resentencing"), 9/22/22, at 15, 16. The court also heard from Artis. *See id.* at 9-15.

The court resentenced Artis to an aggregate term of 20 to 40 years of incarceration. At docket number 6575, it imposed 10 to 20 years on each of the aggravated assault, robbery, and conspiracy convictions, and two and one half to five years for PIC. The sentences for aggravated assault, robbery, and PIC were concurrent, while the sentence for conspiracy was consecutive. At docket number 5218, the court sentenced Artis to consecutive terms of three and one half to seven years for firearms not to be carried without a license, two and one half to five years for carrying a firearm in the public streets of Philadelphia, and two and one half to five years for persons not to possess firearms. The sentence at this docket was to run concurrently with docket

---

[2] Artis appealed from the order denying his other PCRA claims. We dispose of those appeals in a separate memorandum. *See* Nos. 2757, 2758, and 2760 EDA 2022.

6575. At docket number 1178, the court imposed consecutive terms of three and one half to seven years for firearms not to be carried without a license, two and one half to five years for persons not to possess firearms, and two and one half to five years for carrying firearms on the public streets of Philadelphia. The court ordered that the sentence at this docket run concurrently with docket 5218.

Artis moved for reconsideration of sentence claiming that the sentence "was manifestly excessive and unreasonable" because of "a considerable amount of mitigation that was presented at his sentencing[.]" Post-Sentence Motion for Reconsideration, filed 10/3/22, at ¶ 6. The court denied the motion by operation of law and this timely appeal followed. *See* Order, filed 2/1/23.

Artis raises the following issue:

Whether the trial court erred, when it abused its discretion and imposed a sentence, wherein the term of incarceration was manifestly excessive and unreasonable, due to the fact appellant Tyrell Artis had such a considerable amount of mitigation that was presented at his sentencing; moreover, the trial court did not take into consideration all of the principles of 42 Pa.C.S.A. § 9721(B), in fashioning this sentence?

Artis's Br. at 4.

Artis's issue goes to the discretionary aspects of his sentence, which we review for an abuse of discretion. *See **Commonwealth v. Lynch***, 242 A.3d 339, 346 (Pa.Super. 2020). Before reviewing this claim, we must determine whether Artis has 1) filed a timely notice of appeal; 2) preserved the issue at sentencing or in a post-sentence motion; 3) included in his brief a concise

- 4 -

statement of the reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f); and 4) raised a substantial question that the sentence is not appropriate under the Sentencing Code. **See Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa.Super. 2013). "[I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case." **Id.** (citation omitted).

The instant appeal satisfies all four requirements. Artis filed a timely notice of appeal, preserved the issue in a post-sentence motion, included a Rule 2119(f) statement in his brief, and raised a substantial question – that the court imposed an excessive sentence and failed to consider mitigating factors. **See Commonwealth v. Swope**, 123 A.3d 333, 339 (Pa.Super. 2015) (stating that a claim of an excessive sentence combined with claim that court failed to consider mitigating factors raises a substantial question). As such, we turn to the merits of his claim.

Artis maintains that the sentences imposed by the court were "*departure sentences* (*i.e.* went above the aggravated range of the Pennsylvania Sentencing Guidelines. . .)," on all counts except firearms not to be carried without a license. Artis's Br. at 25-26 (emphasis in original). He argues that he presented the court with a "considerable amount of mitigation" that the court failed to consider including that his criminal history stemmed from his juvenile record, his young age at the time of the crime, that he accepted responsibility for the crimes, and that he was subjected to abuse as a child.

The record belies Artis's argument. The court had previously ordered a PSI and heard allocution from Artis at the resentencing hearing. **See** Presentence Investigation Report, dated 7/20/2015; N.T., Resentencing, at 9-15. The court was therefore presumptively aware of the mitigating evidence. **Commonwealth v. Moury**, 992 A.2d 162, 175 (Pa.Super. 2010) (stating presumption that court is aware of and weighs considerations including mitigating factors when the court has the benefit of a PSI). The court gave this evidence the weight it deemed appropriate based on the facts of the case. **See** Rule 1925(a) Opinion, filed 4/28/23, at 6. The court did not abuse its discretion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/20/2024