J. S62040/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALFREDO HERRERA-ORTIZ, | : | No. 1383 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 18, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0011805-2014

BEFORE: LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED FEBRUARY 14, 2019**

Alfredo Herrera-Ortiz appeals the judgment of sentence in which the Court of Common Pleas of Philadelphia County sentenced him to serve an aggregate sentence of 15 to 30 years' imprisonment followed by 10 years' probation[1] for his convictions for rape of a child, involuntary deviate sexual intercourse with a child, unlawful conduct with a minor, endangering the welfare of a child, and corruption of a minor.[2] After careful review, we affirm.

The factual history, as stated by the trial court, is as follows:

---

[1] Appellant received a sentence of 10 to 20 years' imprisonment for rape, 5 to 10 years for involuntary deviate sexual intercourse with a child, and 10 years of probation for unlawful conduct with a minor. He received no further penalty on the remaining charges.

[2] 18 Pa.C.S.A. § 3121, 3123, 6318, 4304, and 6301, respectively.

During the no-contest plea hearing the Commonwealth recited the following facts into the record:

> If this case proceeded to trial, the Commonwealth would have proven beyond a reasonable doubt that on September 14th of 2014 . . ., here in Philadelphia, [appellant] resided at that location. He had a bedroom on the second floor. He was a family friend. On that date, the victim in this case, her name is [V.M.], who, at the time was age six -- her birthday is [] -- she returned from the park with her brother, who's [sic] name is [J.M.], same spelling, who at the time was age 8. They went upstairs to the second floor of the home. [Appellant] asked both children to come into his bedroom and he locked the door. At that point, both children were on the bed. [Appellant] proceeded to remove [V.M.'s] pants. And he penetrated her both vaginal [sic] and anally with his penis. The mother, whose name is [M.A.], was calling out for the children. She did not -- they weren't answering, so she went upstairs. Eventually the door was opened and the children explained to her what happened. At that point, the police were called to the home. [Appellant] was arrested.
>
> . . . .

[Appellant] averred that he did not contest the summary of the facts placed on the record.

Trial court opinion, 1/23/18 at 2 (some brackets in original; citations to record omitted).

Initially, appellant was tried in a jury trial in late June and early July of 2016. On July 5, 2016, the trial court declared a mistrial after the jury announced that it could not reach a verdict because it was hopelessly deadlocked. On August 16, 2016, after the selection of several jurors, appellant entered a plea of no contest. On November 18, 2016, the trial court sentenced appellant. On November 27, 2016, appellant filed a post-sentence motion. On March 29, 2017, the post-sentence motion was denied by operation of law.

On April 27, 2017, appellant filed a notice of appeal. On May 22, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On September 8, 2017, after receiving an extension, appellant complied with the order. On January 23, 2018, the trial court filed an opinion, pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for this court's review: "Did not the trial court err and abuse its discretion when it imposed a manifestly excessive and clearly unreasonable sentence of fifteen to thirty years of incarceration following a mistrial and a plea of **nolo contendere**, where appellant . . . presented significant mitigation?" (Appellant's brief at 3.)

Appellant challenges the discretionary aspects of his sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of

judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Moury***, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).

Here, we begin our analysis by determining whether appellant has complied with the procedural requirements of challenging the discretionary aspects of his sentence. First, appellant timely filed his notice of appeal pursuant to Pa.R.A.P. 903. Second, appellant raised the issue that the trial court imposed a sentence that was excessive and unreasonable and did not take into account his rehabilitative needs and other mitigating factors which essentially is the issue before this court. Third, appellant included a Rule 2119(f) statement in his brief in which he avers he raises a substantial question because the trial court imposed an excessive sentence and failed to consider mitigating factors. Fourth, this court must next determine whether appellant raises a substantial question for this court's review.

We determine whether an appellant raises a substantial question on a case-by-case basis. *Commonwealth v. Swope*, 123 A.3d 333 (Pa.Super. 2015). "A substantial question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* at 338 (citation omitted).

Appellant argues that the appeal presents a substantial question because the trial court imposed an extremely harsh aggregate sentence without considering mitigating factors and improperly considering that

appellant pled *nolo contendere*. This court has held that an excessive sentence claim coupled with an allegation that the trial court failed to consider mitigating factors raised a substantial question. *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa.Super. 2005). As appellant has presented a substantial question, we will address this claim on the merits.

Appellant asserts that the trial court sentenced him to a sentence of more than twice the lower end of the sentencing guidelines for rape. Actually, the guidelines state that the minimum confinement for rape for a person with a "0" for a prior record score is 72 months to the statutory limit. On the rape conviction, appellant received a sentence of 10 to 20 years. Therefore, the minimum sentence was not twice the lower end of the guidelines and was within the standard range of the guidelines. This court has determined that a standard range sentence is presumptively reasonable. *See*, *e.g.*, *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006). Thus, to succeed on this claim, appellant must show that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2).

Appellant argues that the sentence was unreasonable because the trial court failed to consider mitigating factors. The trial court had the benefit of a pre-sentence investigation report ("PSI"). "Where a [PSI] exist[s], we [] presume that the [trial court] was aware of relevant information regarding the defendant's character and weighed those considerations along with

mitigating factors. A [PSI] constitutes the record and speaks for itself." **Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa.Super. 2014), **appeal denied**, 95 A.3d 275 (Pa. 2014). This court finds no merit to the charge that the trial court did not consider appellant's rehabilitative needs when it fashioned the sentence so as to make the sentence unreasonable.

Appellant also asserts that the trial court's imposition of consecutive sentences for rape and involuntary deviate sexual intercourse with a child was excessive especially when there is no indication that the trial court considered any factors regarding his amenability to rehabilitation.

With respect to the contention that the trial court imposed consecutive sentences, Section 9721 of the Sentencing Code ("Code"), 42 Pa.C.S.A. § 9721, permits the sentencing court to use its discretion to impose a sentence consecutively or concurrently to other sentences that the sentencing court is imposing. "In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." **Commonwealth v. Perry**, 883 A.2d 599, 603 (Pa.Super. 2005).

Here, the trial court imposed consecutive standard range sentences for the charges for which appellant pled **nolo contendere**. This court discerns no abuse of discretion.

While appellant asserts that the trial court punished him excessively for making his plea after the mistrial and after eight jurors were selected for

the new trial, a review of the hearing transcript indicates that the trial court commented on the horrific nature of the crime and the fact that the children had to relive it at trial. **See** 42 Pa.C.S.A. § 9781(d)(1). The nature and circumstances of the offense is one of the statutory factors a court shall consider when imposing a sentence.

The trial court carefully considered the relevant factors set forth in Section 9721(b) of the Code, 42 Pa.C.S.A. § 9721(b), when it sentenced appellant. The trial court did not abuse its discretion when it imposed consecutive sentences for appellant's crimes.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/19