J-S76007-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DENNIS NODD, | |
| Appellant | No. 196 WDA 2018 |

Appeal from the Judgment of Sentence Entered January 3, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008422-2013

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.: FILED FEBRUARY 19, 2019

Appellant, Dennis Nodd, appeals from the judgment of sentence of 18 to 36 months' incarceration, followed by 2 years' probation, imposed after his original term of probation was revoked based on technical violations. Appellant solely contends that his sentence is manifestly excessive, unreasonable, and an abuse of the court's discretion. We affirm.

The trial court summarized the pertinent facts and procedural history of Appellant's case, as follows:

On December 10, 2013, [Appellant] was sentenced to a term of two years' probation after pleading guilty to Access Device Fraud. As a result of a violation of that probation for failing to pay restitution, on February 18, 2015, [Appellant's] probation was revoked and a new two-year term of probation was imposed. On June 21, 2017, that probation was revoked due to [Appellant's] drug use and continued failure to pay restitution. This [c]ourt again imposed a new two-year period of probation. [Appellant] tested positive for cocaine and methadone on September 11,

2017[,] and was not paying restitution as directed. An arrest warrant was issued due to these violations. When officers from the Allegheny County Sheriff's Department attempted to arrest [Appellant], he advised the deputies that he had the skin condition "scabies." The deputy sheriffs were concerned about taking [Appellant] into custody due to the contagious nature of that condition so, with this [c]ourt's approval, the warrant was cleared. [Appellant] was directed to report to his probation officer on September 27, 2017. He failed to report for that meeting. This [c]ourt issued another arrest warrant for this violation. At the revocation hearing, [Appellant] was unable to provide any proof that he had scabies. Defense counsel attempted to argue that [Appellant] suffered from mental health disorders but he could offer no proof of such issues.

Trial Court Opinion (TCO), 5/15/18, at 1-2.

At the close of the January 3, 2018 revocation hearing, the court revoked Appellant's term of probation and sentenced him to 18 to 36 months' incarceration, followed by 2 years' probation. Appellant filed a timely post-sentence motion, which the court denied. He then filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On May 15, 2018, the trial court issued its Rule 1925(a) opinion. Herein, Appellant states one issue for our review:

> I. Whether the revocation sentence imposed was manifestly excessive, unreasonable, and an abuse of discretion where there were only technical violations of probation, and the trial court failed to consider the character, nature, and rehabilitation needs of [Appellant]?

Appellant's Brief at 7 (unnecessary capitalization and emphasis omitted).

Appellant's issue challenge discretionary aspects of his sentence. This Court has explained:

- 2 -

An appellant wishing to appeal the discretionary aspects of a probation-revocation sentence has no absolute right to do so but, rather, must petition this Court for permission to do so. Specifically, the appellant must present, as part of the appellate brief, a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f). In that statement, the appellant must persuade us there exists a substantial question that the sentence is inappropriate under the sentencing code.

In general, an appellant may demonstrate the existence of a substantial question by advancing a colorable argument that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or violated a fundamental norm of the sentencing process. While this general guideline holds true, we conduct a case-specific analysis of each appeal to decide whether the particular issues presented actually form a substantial question. Thus, we do not include or exclude any entire class of issues as being or not being substantial. Instead, we evaluate each claim based on the particulars of its own case.

It is important to note that this Court is not persuaded by bald assertions or the invocation of special words in a concise statement of reasons. To the contrary, a concise statement must articulate the way in which the court's conduct violated the sentencing code or process.

If an appellant convinces us that a claim presents a substantial question, then we will permit the appeal and will proceed to evaluate the merits of the sentencing claim. When we do so, our standard of review is clear: Sentencing is vested in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. Moreover, an abuse of discretion is not merely an error in judgment. Instead, it involves bias, partiality, prejudice, ill-will, or manifest unreasonableness.

Likewise, we are mindful of the general rule that a sentencing court should impose a sentence consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. 42 Pa.C.S.[] § 9721(b). Where the court imposes a sentence for a felony or misdemeanor, the court shall make part of the record, and disclose in open court during sentencing, a statement of the reasons for the sentence imposed. At the same time, the court is not required to parrot the words of the sentencing code, stating every factor relevant under

> 42 Pa.C.S.[] § 9721(b). Instead, the record as a whole must reflect due consideration by the court of the offense and the character of the offender.

Commonwealth v. Kalichak, 943 A.2d 285, 289–90 (Pa. Super. 2008) (most internal citations omitted).

Here, we initially observe that Appellant preserved his sentencing claim in a post-sentence motion, and he has included a Rule 2119(f) statement in his appellate brief. Therein, Appellant claims that the court's sentence of incarceration is manifestly excessive, and that the court failed to consider his rehabilitative needs or explain "why it believed that [Appellant] could not be further rehabilitated." Appellant's Brief at 13. A claim that the court imposed an excessive sentence, together with an assertion that the court failed to consider the defendant's rehabilitative needs, has been deemed a substantial question for our review. See Commonwealth v. Swope, 123 A.3d 333, 339-40 (Pa. Super. 2015).

However, we note that in the Argument section of Appellant's brief, he offers no meaningful discussion of his rehabilitative needs, or how the court overlooked that sentencing consideration. Instead, he simply claims, without elaboration, that the sentencing court "focused solely on his mistakes, to the complete exclusion of other required sentencing factors." Appellant's Brief at 16. Appellant also avers that his sentence is "simply unreasonable" because "he committed no new crimes[,]" a claim which was not set forth in his Rule 2119(f) statement. Id. at 17.

Appellant's boilerplate arguments fail to demonstrate an abuse of discretion by the sentencing court. In justifying the term of incarceration it imposed, the court explained:

> [Appellant] had violated the original probationary term in this case. This [c]ourt provided [Appellant] with opportunities to remain on probation not once, but twice, after subsequent violations of probation. [Appellant] steadfastly and persistently refused to pay restitution to his own father. Furthermore, and more importantly, [Appellant] repeatedly used illegal drugs in direct violation of this [c]ourt's "zero tolerance" policy. Relative to his final violation, [Appellant] test[ed] positive for cocaine and methadone. He lied to deputy sheriffs about having scabies in order to avoid going to jail. The [c]ourt was of the view that [Appellant] was provided with ample opportunities to conform his conduct to the dictates of the law but repeatedly chose not to do so. [Appellant] has been making conscious decisions to engage in criminal drug use rather than seek treatment or rehabilitation. This [c]ourt believe[s] that [Appellant] continually demonstrates, though his drug use, that he is a danger to the community. This [c]ourt believes that any rehabilitation and treatment should occur while [Appellant] is incarcerated. In sum, this [c]ourt imposed the sentence it did because of [Appellant's] persistent drug use despite having had his probation revoked on two prior occasions. The probationary terms imposed for those prior violations were simply taken for granted in this case. [Appellant's] conduct, including criminal conduct, makes clear that three separate county sentences failed to put him on the path to rehabilitation. The need to protect society from [Appellant's] behavior and his need for regimented treatment in a state prison facility warranted the sentence imposed in this case.

TCO at 4-5.

The trial court's rationale is supported by the record, and demonstrates that the court considered Appellant's rehabilitative needs in fashioning his term of incarceration. Additionally, we do not agree with Appellant that the

court's sentence is unduly harsh or an abuse of discretion, given the circumstances of this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2019