J-S82023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVID ROSS | : | |
| | : | |
| Appellant | : | No. 933 EDA 2018 |

Appeal from the Judgment of Sentence August 29, 2013
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001589-2011

BEFORE:   LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 04, 2019**

Appellant, David Ross, appeals from the judgment of sentence entered

on August 29, 2013, following the revocation of his probation.  Upon review,

we affirm.

The trial court summarized the facts and procedural history of this case

as follows:

> On March 11, 2011, [Appellant] entered into a non-negotiated
> guilty plea [] to possession with intent to deliver ("PWID") and
> conspiracy.  [The trial court] sentenced [Appellant] to [11½] to
> 23 months [of] confinement followed by five (5) years of probation
> with immediate parole.  At the time [the trial court] imposed its
> sentence, [Appellant] had accrued four (4) months of time credit
> towards this sentence.
>
> On April 1, 2013, while on [] probation, [Appellant] entered into
> a negotiated guilty plea before the Honorable Diana L. Anhalt []
> for [unrelated] crimes committed on March 8, 2012.  [Appellant]
> in that case pled guilty to:  (i) robbery – threat of immediate
> serious injury in violation of 18 [Pa.C.S.A.] § 3701(a)(1)(ii); (ii)
> possession of a firearm prohibited in violation of 18 [Pa.C.S.A.]

_____
*   Retired Senior Judge assigned to the Superior Court.

§ 6105(a)(1); and (iii) possessing an instrument of crime with intent in violation of 18 [Pa.C.S.A.] § 907(a). [Appellant] was sentenced to five (5) to ten (10) years [of] confinement.

On August 29, 2013, [the trial] court held a violation of probation (VOP) hearing [on the 2011 PWID and conspiracy convictions]. Following arguments from both parties, [the trial] court found [Appellant] in violation of its probation, revoked [Appellant's] probation, and sentenced him to a term of four (4) to eight (8) years' incarceration to run consecutive to the sentence imposed by Judge Anhalt.

On September 6, 2013, [Appellant] filed a motion for reconsideration of the VOP sentence, claiming that the sentence was excessive in that it far surpassed what was necessary to foster [his] rehabilitation. At a reconsideration hearing on January 31, 2014, [the trial] court denied [Appellant's] motion for reconsideration. No direct appeal was filed.

On May 22, 2014, [Appellant] filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §[§] 9541[-9546]. The PCRA petition claimed that [Appellant's] VOP counsel was ineffective for not filing post[-]sentence motions or a direct appeal of his VOP sentence, and for not objecting to [Appellant's] absence from the reconsideration hearing. In response, on November 17, 2017, the Commonwealth filed a motion to dismiss the petition, stating that VOP counsel, in fact, did file a post-sentence motion, which [the trial] court denied, and thus his counsel was not ineffective. On January 22, 2018, [the trial] court denied [Appellant's] right to file post-sentence motions and reinstated [Appellant's] appellate rights *nunc pro tunc*. [On February 27, 2018, counsel for Appellant filed another motion for reinstatement of Appellant's rights *nunc pro tunc*, conceding that he mistakenly missed the deadline to file a notice of appeal. On March 2, 2018, the trial court reinstated Appellant's appellate rights.[1]]

_____

[1] While the order does not appear on the trial court's docket, it is contained in the certified record.

On March 28, 2018, [Appellant] filed a notice of appeal to [this] Court.[2]   On April 26, 2018, [the trial] court issued an order pursuant to Pa.R.A.P. 1925(b), requiring [Appellant] to file a concise statement of [errors] complained of on appeal within twenty-one (21) days.   On May 17, 2018, [Appellant] filed a preliminary statement of [errors] complained of on appeal, as well as a motion for [an] extension of time to file a 1925(b) statement, as the notes of testimony of the trial and sentencing were unavailable.   [The trial] court granted the motion for [an] extension of time on May 29, 2018.  On July 5, 2018, [Appellant] submitted a second[, timely Rule] 1925(b) statement.  [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 19, 2018.]

Trial Court Opinion, 7/19/2018, (unpaginated) at *1-3 (superfluous capitalization and record citations omitted).

On appeal, Appellant presents the following issue for our review:

1. Was the [trial] court's sentence excessive and an abuse of discretion?

Appellant's Brief at 8.

Appellant claims, in sum:

This appeal should be granted because the [trial c]ourt failed to state an adequate basis for the sentence imposed at sentencing. The sentence was contrary to the fundamental norms of the sentencing process in that it was imposed for a violation of

_____

[2]  In his notice of appeal Appellant also challenged the trial court's denial of his right to file a post-sentence motion *nunc pro tunc*.  However, the trial court denied relief on this claim by order entered on January 22, 2018.   Thus, Appellant's notice of appeal filed on March 28, 2018 was patently untimely and we lack jurisdiction to examine the merits of the trial court's decision on that issue.  *See* Pa.R.A.P. 903(a) ("the notice of appeal [] shall be filed within 30 days after the entry of the order from which the appeal is taken.").  Moreover, Appellant does not currently argue that he is entitled to relief following the denial of his right to file a post-sentence motion *nunc pro tunc*.  In fact, as stated above and upon our review of the certified record, Appellant did file a post-sentence motion for reconsideration of his VOP sentence on September 6, 2013, claiming that the sentence was excessive.

probation due to [] Appellant's having pled guilty to and accepted responsibility for some relatively minor offences. A state sentence was an extreme sentence under the circumstances.

*Id.* at 11. Appellant also asserts that the trial court erred by failing to consider whether his sentence of confinement was consistent with the protection of the public, the gravity of the offense as it related to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. *Id.* at 14, *citing* 42 Pa.C.S.A. § 9721(b).

"Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015) (citation omitted). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Here, Appellant filed a timely notice of appeal and preserved his issues in a post-sentence motion following the revocation of his probation and sentencing. Further, Appellant's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 11. We

now must determine whether Appellant presents a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

We have previously held:

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned, or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S.A. § 9771(c).

An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.

When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant.

*Swope*, 123 A.3d at 338 (internal citations, original brackets, footnotes, and some quotations omitted).

This Court has held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Id.* at 339, *citing* *Commonwealth v. Raven*, 97 A.3d

1244, 1253 (Pa. Super. 2014). Moreover, an allegation that the trial court failed to offer specific reasons for a sentence also raises a substantial question. *See Commonwealth v. Dunphy*, 20 A.3d 1215, 1222 (Pa. Super. 2011); *see also* 42 Pa.C.S.A. § 9721(b) ("In **every** case in which the court imposes a sentence for a felony or misdemeanor [] the court **shall** make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.") (emphasis added). Thus, we conclude that Appellant has raised a substantial question for our review.

Our Supreme Court has previously determined:

a trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence. The reason for this broad discretion and deferential standard of appellate review is that the sentencing court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

The sentencing court's institutional advantage is, perhaps, more pronounced in fashioning a sentence following the revocation of probation, which is qualitatively different than an initial sentencing proceeding. At initial sentencing, all of the rules and procedures designed to inform the court and to cabin its discretionary sentencing authority properly are involved and play a crucial role. However, it is a different matter when a defendant reappears before the court for sentencing proceedings following a violation of the mercy bestowed upon him in the form of a probationary sentence. For example, in such a case, contrary to when an initial

- 6 -

sentence is imposed, the Sentencing Guidelines do not apply, and the revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721.

Upon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Moreover, 42 Pa.C.S.A. § 9721(b) specifies that in every case following the revocation of probation, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." **See also** Pa.R.Crim.P. 708 (indicating at the time of sentence following the revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed.").

However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial

sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where [] the trial judge had the benefit of a [pre-sentence investigation report] during the initial sentencing proceedings.

***Commonwealth v. Pasture***, 107 A.3d 21, 27–28 (Pa. 2014) (case citations, footnotes, and some quotations omitted).

Initially, we reject Appellant's contention that the trial court was required to balance the factors set forth under Section 9721(b) when imposing Appellant's VOP sentence. ***See id.*** at 27 (revocation court is not cabined by Section 9721(b)'s requirement that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."). Moreover, although the trial court did not engage in a lengthy discourse when imposing Appellant's current sentence, it adequately stated its reasons on the record. The trial court recognized that Appellant's criminal behavior had escalated with Appellant committing "more serious crimes … within one year of the start of [his original] probationary period." Trial Court Opinion, 7/19/2018, (unpaginated) at *2. Because Appellant was convicted of a new crime, the trial court was permitted to impose a sentence of total confinement upon revocation of his probation. As such, the trial court was only limited by the maximum sentence that it could have imposed originally when it imposed the probationary sentence. There is no dispute that Appellant's original convictions for PWID and conspiracy each have maximum penalties of 15

years of imprisonment. Upon revocation of his probation, Appellant received an aggregate, permissible sentence of four to eight years of incarceration.

Furthermore, we note that the trial court presided over Appellant's original PWID proceeding and had the benefit of a pre-sentence investigation report at the time of the initial sentencing. Thus, we presume the trial judge was already fully informed as to the facts and circumstances of the underlying case. Additionally, upon review of the notes of testimony from the VOP hearing, the trial court determined that the prior period of probation was an ineffective rehabilitation effort, Appellant's behavior escalated from narcotics related crimes to armed robbery, and the public deserved protection from further crime. N.T., 8/29/2013, at 5-7; 11 ("What I considered was, the fact of how long you'd been on probation before you committed the crime, and what type of crime. It was, indeed, a crime of violence; a gunpoint robbery."). The undisputed facts of record make clear that such a determination did not constitute an abuse of discretion. Finally, we note that Appellant has not suggested any mitigating factors that the trial court should have considered, but did not. Hence, based upon all of the foregoing, we discern no abuse of discretion in sentencing Appellant following the revocation of his probation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 3/4/19