J-A27012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL LEE GUESSFORD | : | |
| | : | |
| Appellant | : | No. 300 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 3, 2023
In the Court of Common Pleas of Fulton County Criminal Division at
No(s): CP-29-CR-0000201-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL LEE GUESSFORD | : | |
| | : | |
| Appellant | : | No. 301 MDA 2024 |

Appeal from the Judgment of Sentence Entered October 3, 2023
In the Court of Common Pleas of Fulton County Criminal Division at
No(s): CP-29-CR-0000202-2019

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED: FEBRUARY 25, 2025**

Michael Lee Guessford appeals from the judgments of sentence,[1]

entered in the Court of Common Pleas of Fulton County, after a jury convicted

---

[1] By order filed August 2, 2024, we consolidated Guessford's appeals *sua sponte*. **See** Pa.R.A.P. 513.

him of two counts of corruption of minors[2] and three counts of indecent assault—complainant under 13.[3]  After our review, we affirm.

The trial court set forth the factual history of this case as follows:

The instant matter originates from [Guessford] residing near [D.A.] and her two children, M.A. and M.W., and their neighbor, [J.C.] and her child, B.C. (hereinafter collectively the "minor children").  After [D.A.] was introduced to [Guessford] by a family member, the minor children grew close to [Guessford], who they called "Mikey" and "Uncle Mike," and he bought presents for them, such as a full-sized swimming pool and [a] Nintendo Switch. Moreover, [Guessford] frequently spent time at both [D.A's] and [J.C.'s] homes, and both mothers began leaving the minor children alone with [Guessford] to go places like the laundromat and grocery store.

On June 17, 2019, M.A., then aged eight, approached [D.A.] and disclosed that "[Guessford] had touched her and that he had . . . done it before."  M.A. also disclosed that [Guessford] touched her sister, M.W., then aged six, although M.W. did not make disclosures to [D.A.]  Immediately, [D.A.] and her husband discussed the allegations with [J.C.] and her husband, [A.C.], who were also told by B.C. that [Guessford] "played with her private" when she was looking for pajamas.  [D.A.] and [J.C.] decided to inform the police, and, thereafter, the investigation was assigned to Pennsylvania State Police Trooper Cody Hollibaugh [] on June 20, 2019.

Approximately one week later, the minor children were interviewed by Rebecca Voss [] at the Children's Advocacy Center in Chambersburg, Pennsylvania, and, on July 3, 2019, [Guessford] was arrested and charged with the following:  (1) one count of aggravated indecent assault[;] (2) two counts of corruption of minors[;] and (3) three counts of indecent assault.

[Thereafter], on November 27, 2019, the Commonwealth filed [a] Bill of Information and then Fulton County District Attorney Travis Kendall [] filed a Notice of Joint Trial.

---

[2] 18 Pa.C.S.A. § 6301(a)(1)(ii).

[3] *Id.* at § 3126(a)(7).

Trial Court Opinion, 4/18/24, at 2-3 (footnotes and unnecessary capitalization omitted).

Following multiple delays related to the Covid-19 pandemic and various other reasons, a jury trial was held on June 8, 2023, after which Guessford was convicted of two counts of corruption of minors and three counts of indecent assault and acquitted of aggravated indecent assault. On October 3, 2023, the trial court sentenced Guessford to aggravated-range sentences as follows: (1) at docket number CR-201 of 2019, 19 to 38 months' incarceration for indecent assault; and (2) at docket number CR-202 of 2019, two terms of 27 to 54 months' incarceration for the corruption of minors convictions and 19 to 38 months' incarceration for indecent assault. All sentences were imposed consecutively, resulting in an aggregate sentence of 92 to 184 months' incarceration.

Guessford filed post-sentence motions raising challenges to the discretionary aspects of his sentences and the weight of the evidence, which the trial court denied. Guessford filed timely notices of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Guessford raises the following claims for our review:

> 1. Were the guilty verdicts at trial so against the weight of the evidence that the[y]; specifically, the testimony of the Commonwealth's witnesses [was] so vague, lacking in credibility, and unreasonable as to demand a reversal of the verdict.
>
> 2. Whether the aggravated[-]range sentences on all counts in the case consolidated for trial [were] excessive as a matter of law and unsupported by the facts of the case(s), particularly given the

numerous counts and ability of the trial court to run the counts consecutively?

Brief of Appellant, at 4.

Guessford first claims that the verdicts were against the weight of the evidence. Specifically, Guessford argues that "the testimony that underlies the accusations is sparse and unreliable" and that, while three children allege multiple instances of abuse, "none of these instances can be verified by the others." Brief of Appellant, at 15. Guessford asserts that "it is unrealistic to believe such conduct may occur with such frequency across so many different locations without any witness personally seeing or hearing a single instance of conduct that can be characterized even as merely suspicious." *Id.*

Guessford also argues that the children's testimony was "meaningfully inconsistent" and varied from their forensic interviews, "including vacillating from noting that multiple people [were] present to saying that no one was present" and testifying about the locations where the assaults took place "without any condition of certainty." *Id.* Guessford posits that the children could have unknowingly "adopted [the] narrative that Guessford had touched their privates" without "realizing its scope and gravity," particularly because (he alleges) "[M.A.] and [M.W.] were already exhibiting sexually inappropriate behavior in their home environment." *Id.* at 16. Guessford is entitled to no relief.

Our standard of review of a weight claim is well-settled. The finder of fact is the exclusive judge of the weight of the evidence; it is free to believe all, part, or none of the evidence presented and determines the credibility of

the witnesses. *See Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003). As an appellate court, we cannot substitute our judgment for that of the finder of fact. *See id.* A trial court may reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. *See Commonwealth v. Passmore*, 857 A.2d 697, 708 (Pa. Super. 2004).

A verdict is said to be contrary to the evidence such that it shocks one's sense of justice when "the figure of Justice totters on her pedestal," or when "the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench[.]" *Commonwealth v. Davidson*, 860 A.2d 575, 581 (Pa. Super. 2004) (citations omitted).

Furthermore,

where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Champney*, 832 A.2d at 408 (citation omitted).

"Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000), citing *Commonwealth v. Farquharson*, 354 A.2d 545 (Pa. 1976). Thus,

"the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." ***Commonwealth v. Diggs***, 949 A.2d 873, 879–80 (Pa. 2008).

Here, the trial court addressed Guessford's weight claim as follows:

> [T]he jury heard extensive testimony from [Guessford's] victims and, as the finder of fact, the jury was free to make determinations as to the weight of the evidence. First, the jury heard from M.A., who testified that something happened with [Guessford] that made her feel uncomfortable and it happened more than one time. Specifically, M.A. explained that she was nine years old[4] when it first happened in the living room while her sister was on her tablet. During this incident, [Guessford] touched her private area with his hand and his finger went in her private area. Upon weighing the evidence, the jury found [Guessford] guilty of violating [subsection] 6301(a)(1)(ii),[5] which involves corrupting the morals of any minor less than 18 years of age, and [subsection] 3126(a)(7),[6] which involves a person having indecent contact with the victim. Due to extensive

---

[4] M.A. was born on July 3, 2010. Given that she reported the abuse to her mother on June 17, 2019, it appears that M.A. was actually eight years old, almost nine, when the abuse occurred.

[5] As relevant here, corruption of minors is defined as follows:

> (ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii).

[6] "A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person . . . for the purpose of arousing sexual desire in the person or the complainant and . . . the complainant is less than 13 years of age[.]" 18 Pa.C.S.A. § 3126(a)(7).

- 6 -

testimony that M.A. was touched in her private area and underneath her clothing, [and that it occurred more than one time,] it does not shock this [c]ourt's conscience that the jury found [Guessford] guilty of corrupting M.A.'s morals and engaging in indecent contact with the child. We are cognizant that M.A. contradicted herself during the jury trial, yet we remain in compliance with well-settled caselaw that the finder of fact is free to determine the credibility of the witnesses. Accordingly, the jury verdict will not be overturned in regard to M.A.

Turning to M.W., who testified that she was six years old when [Guessford] came to her home all the time, the jury heard extensive testimony that he touched her privates on purpose. Further elaborating, M.W. stated that she was touched multiple times in the bedroom while M.A. was present. Finally, M.W. testified that [Guessford] used his hand to touch her in the bedroom and it made her feel uncomfortable. Although we are aware that M.W. stated [Guessford] was around the house once or twice and, afterward, changed it to "every day," we are not the finder of fact, and, more importantly, the verdict that [Guessford] again violated [subsections 6301(a)(1)(ii) and 3126(a)(7)] does not shock our conscience. Accordingly, the jury verdict in regard to M.W. will not be overturned.

Finally, the jury heard testimony from B.C., who was six years old at the time of abuse. Understandably, the child could not recall numerous details about the incident, but she testified that . . . [Guessford] put his hand somewhere where it is not supposed to go. When prompted by District Attorney Kendall to name the place where she was touched, B.C. only stated "my private" and explained that it was "more than one time." After weighing the evidence, the jury found [Guessford] guilty of violating [subsection] 3126(a)(7) in regard to B.C., which was within its purview[.]

Altogether, despite considering the inconsistencies noted by [Guessford], we are not shocked by the jury's verdict and it certainly does not shock our sense of justice.

Trial Court Opinion, 2/1/24, at 8-10 (citations, footnotes, and some quotation marks omitted).

Upon our review of the record, we can discern no abuse of discretion on the part of the trial court in concluding that the jury's verdicts were not shocking to one's sense of justice, particularly where the victims were very young children at the time of the offenses and were testifying in court nearly four years after the events in question. The jury, as sole finder of fact, considered the children's testimony, as well as that of their mothers and the forensic interviewer, and resolved any inconsistencies in favor of the Commonwealth.

Finally, Guessford raises a challenge to the discretionary aspects of his sentences. Such a claim does not entitle an appellant to review as a matter of right. *Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by: (1) filing a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) including in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) raising a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Swope*, 123 A.3d at 337.

Here, Guessford filed a post-sentence motion to modify his sentences, followed by timely notices of appeal to this Court. He has also included in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Rule 2119(f). Accordingly, we must now determine whether

Guessford has raised a substantial question that his sentences are not appropriate under the Sentencing Code. "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa. Super. 2011). To raise a substantial question, a defendant must present "a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Ratliff***, -- A.3d --, 2024 WL 4983681 (Pa. Super. 2024) (citation omitted). In determining whether a substantial question has been raised, we cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement. ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012).

Here, Guessford's Rule 2119(f) statement is comprised of a boilerplate reference to the manner in which an appellant must invoke this Court's jurisdiction over a discretionary aspects of sentencing claim, and a recitation of the steps Guessford took to preserve his claim. The only reference to his purported substantial question is as follows: "Guessford hereby challenges the trial court's sentences in the aggravated range for all counts." Brief of Appellant, at 14 (Rule 2119(f) statement). Guessford's statement of questions presented adds that the aggravated-range sentences were "excessive as a matter of law and unsupported by the facts of the case(s),

particularly given the numerous counts and ability of the trial court to run the counts consecutively." *Id.* at 4.

A claim of excessiveness based on the imposition of consecutive sentences does not raise a substantial question,[7] unless the imposition of consecutive sentences raises the "aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010). The aggregate sentence imposed here, 92 to 184 months' incarceration, does not facially appear excessive in light of the criminal conduct—the sexual abuse of three small children—for which Guessford was convicted. Accordingly, Guessford's claim that the trial court abused its discretion by imposing consecutive sentences in the aggravated range of the sentencing guidelines does not raise a substantial question.

_____

[7] An excessiveness claim or challenge to consecutive sentences may raise a substantial question when raised in conjunction with a claim that the court failed to consider mitigating factors or rehabilitative needs. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (challenge to consecutive sentences as unduly excessive, together with claim court failed to consider rehabilitative needs raised substantial question); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (excessiveness claim, together with claim court failed to consider mitigating factors, raised substantial question). Here, Guessford does not assert that the court failed to consider either mitigating factors or his rehabilitative needs.

Judgments of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>02/25/2025</u>